WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amanda V. Solie, *et al.*, | No. CV-19-05399-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Health Care@Home LLC, *et al.*, | |
| Defendants. | |

At issue is Defendants Steve Cohn and Lillian Focken's Motion to Dismiss Third Amended Complaint (Doc. 61, "Mot."), to which Plaintiffs filed a Response (Doc. 66, "Resp.") and Defendants filed a Reply (Doc. 68). The Court grants the Motion consistent with this Order.

**I.   BACKGROUND**

The Court has already recited the facts underlying this dispute in its April 10, 2020 Order granting in part and denying in part Defendants' Motion to Dismiss Second Amended Complaint. (Doc. 58, "Order".) It declines to rehash all factual allegations, and instead summarizes only those relevant to the present Motion.

Plaintiffs are four individuals who worked for Defendant Health Care@Home, LLC (the "Company") at different times and in different positions. Plaintiffs worked for the following time periods:

- Amanda Solie: November 7, 2017 – January 1, 2018
- Roseanne Barrera: March 15, 2017 – August 11, 2017

- Joseph Kovach: May 27, 2017 – August 11, 2017
- Alex Hatchett: January 2017 – October 2017.

At some point (the dates differ for each Plaintiff), the Company began making incomplete or untimely payment of wages to each Plaintiff and eventually ceased paying them altogether. (TAC ¶¶ 31, 49, 70, 80.) Plaintiffs made demands on the Company but were never paid. (TAC ¶ 96.) Defendant Mark Cohn, a member and manager of the Company, allegedly told each Plaintiff numerous times verbally and in writing that he and the Company would pay their wages. (TAC ¶ 97.) He made these promises until February 2018, after which he ceased all communication with Plaintiffs. (TAC ¶ 99.) On November 2, 2017, Plaintiff Barrera and the Company entered into a "Settlement Agreement" in which the Company agreed to pay Barrera back wages in the amount of $15,000, to be paid in a series of monthly payments. (TAC ¶¶ 54–55.) The Company made only a partial payment of $1000 for the first payment, and never paid anything else. (TAC ¶ 56.)

According to the TAC, Steve Cohn was the manager and only member of the Company between June 2013 and April 14, 2017. (TAC ¶¶ 23–24; Exs. B–D.) Focken was listed as a member from April 14, 2017 through the remaining time period relevant to the TAC. (TAC ¶¶ 24–26; Exs. B–D.) Nonmoving individual Defendants were also added as members and/or managers on April 14, 2017 and on later dates.

The Third Amended Complaint ("TAC") alleges seven counts total. However, since filing it, Plaintiffs have represented to the Court in their Response that Counts I, II, and III are not alleged against Steve Cohn. (Resp. at 1, 7.) Those claims are dismissed as to Steve Cohn. Plaintiffs also agreed to dismiss Count VI, the promissory estoppel claim, against all Defendants. (Resp. at 1, 7.) Accordingly, what remains of Moving Defendants' present Motion to Dismiss are the arguments concerning Count V, negligent representation, and Count VII, alter ego liability.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule

12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). On a Rule 12(b)(6) motion, Rule 8(a) governs and requires that, to avoid dismissal of a claim, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**III.   ANALYSIS**

    **A.   Negligent Representation Claim[1]**

Moving Defendants argue Plaintiffs' negligent representation claim fails for several reasons. They first posit it is subject to Rule 9(b)'s heightened pleading standards, which Plaintiffs did not fulfill. (Mot. at 2.) District courts in the Ninth Circuit have taken different approaches to this issue, with some holding negligent misrepresentation claims are not subject to Rule 9(b) and others holding they are when the claim or particular averments in the claim are "grounded in fraud" or "sound in fraud." Because the Court finds Plaintiffs'

---

[1] Plaintiffs contend Moving Defendants waived their right to argue for dismissal of the negligent misrepresentation claim because they did not raise it in their motion to dismiss the Second Amended Complaint ("SAC"). Plaintiffs do not provide legal support for their waiver argument. The Court concludes Moving Defendants did not waive their 12(b)(6) objection. In the April 10 Order addressing the SAC, the Court stated the negligent misrepresentation claim survives against Moving Defendants to the extent it can be imputed through alter ego liability. (Order at 15.) However, the TAC, which supersedes prior pleadings, *see Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989), is the first pleading to allege negligent misrepresentation *directly* against Moving Defendants—the TAC asserted the claim against "Defendants," whereas the SAC alleged it against "Mark Cohn and the Company." (TAC at 20; Doc. 21 at 23.) Moreover, under Rule 12(h)(2), the Rule 12(b)(6) defense is not waived for failure to raise it in the first motion. The Court finds the proper course of action is to consider the merits of the Motion. *See, e.g.*, *Dominguez ex rel. Dominguez Rivera v. Corbett*, No. CIV 09-474 TIC DCB, 2010 WL 3619432, at *4 (D. Ariz. Aug. 5, 2010); *Zoellner v. St. Luke's Reg'l Med. Ctr., Ltd.*, 937 F. Supp. 2d 1261, 1265 (D. Idaho 2013).

1  claim fails as a matter of law for another reason raised by Moving Defendants, it declines
2  to definitively rule on the applicable pleading standard.

3  The TAC alleges Mark Cohn and the Company induced Plaintiffs to accept
4  employment and remain at the Company through oral and written promises to pay them
5  wages, but that Defendants knew they could not make the payments and had no intention
6  to do so. (TAC ¶¶ 148–52.) These promises of payment continued even after Plaintiffs
7  stopped working for the Company. Plaintiffs reiterate in their Response: "the TAC [alleges]
8  that the Company knew it had no money to pay plaintiffs, and never would, but induced
9  them to continue working based on false, material statements that they would eventually
10 be paid (when the Company had no intent to perform)." (Resp. at 3–4.)

11 Therefore, as clarified in their Response, Plaintiffs explicitly base their claim on
12 "promises to do something in the future **with no present intent to perform**." (Resp. at 3
13 (emphasis in original).) Plaintiffs state this is a viable claim for negligent misrepresentation
14 but provide no legal support for that assertion. In fact, a negligent misrepresentation claim
15 "cannot stand on promises of future conduct and, unlike fraud, cannot even stand on a
16 promise made without present intention to perform." *Frank Lloyd Wright Found. v.
17 Kroeter*, 697 F. Supp. 2d 1118, 1130 (D. Ariz. 2010); *see also McAlister v. Citibank*, 829
18 P.2d 1253, 1261 (Ariz. Ct. App. 1992) (holding a promise of future conduct, such as
19 honoring a mortgage commitment or promoting an employee, cannot sustain a negligent
20 misrepresentation claim because the claim requires a misrepresentation or omission of a
21 *fact*); *Moshir v. PatchLink Corp.*, No. CV-06-1052-PHX-FJM, 2007 WL 505344, at *7 (D.
22 Ariz. Feb. 12, 2007) (dismissing the plaintiff's claim, which was based on the defendant's
23 promise to pay a severance payment, because "negligent misrepresentation does not carve
24 out an exception for a promise made without present intention to perform") (citing
25 Restatement (Second) of Torts § 552 (1977)).

26 Plaintiffs admit their claim rests on promises of future conduct without present
27 intent to perform, rather than on a misrepresented or omitted fact. (Resp. at 3.) Accordingly,
28 they fail to state a claim for negligent misrepresentation.

### B.     Alter Ego Status as to Steve Cohn

In its April 10 Order, the Court found the SAC sufficiently alleged alter ego liability against the individual Defendant members of the Company. (Order at 7–8.) Because Steve Cohn was no longer a member of the Company as of April 14, 2017, Moving Defendants request the Court rule he cannot be held liable under an alter ego theory for any claims related to promises to pay made after that date or to the November 2017 Settlement Agreement with Barrera. (Mot. at 4.)

Under Arizona law, alter ego status exists "when there is such a unity of interest and ownership that the separate personalities of the corporation and owners cease to exist" and "observ[ing] the corporation would work an injustice." *Dietel v. Day*, 492 P.2d 455, 457 (Ariz. Ct. App. 1972). Alter ego liability, then, applies to *owners* of the corporation (or in this case, members of the LLC), and only if those owners comingle and unify their interests with the corporation to such an extent that they are essentially one and the same. *See id*; *see also U.S. Bank Nat'l Ass'n v. Starr Pass Resort Devs. LLC*, 2019 WL 2237471, at *15 (Ariz. Ct. App. May 22, 2019) ("Imposing alter-ego liability . . . holds one entity liable for the debts of another entity, or an owner liable for corporate debts."). In applying California law—which, like Arizona law, requires "such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased"—the Ninth Circuit explicitly holds that "ownership is a prerequisite to alter ego liability." *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003).

As of April 14, 2017, Steve Cohn was no longer a member of the Company, (TAC ¶ 24), and therefore had no legal ownership in the Company. Accordingly, Plaintiffs' claims that arise out of the Company's actions after April 14, 2017 fail as a matter of law against him. Moving Defendants' Motion to Dismiss is granted as to those potential claims. To the extent Plaintiffs seek alter ego liability against Steve Cohn for the Company's actions while he was a member, the Motion is denied.

**IT IS THEREFORE ORDERED** granting in part and denying in part Moving Defendants Steve Cohn and Lillian Focken's Motion to Dismiss Third Amended

- 5 -

Complaint (Doc. 61). Pursuant to the parties' agreements as set forth in their briefs, Counts I, II, and III are dismissed as to Steve Cohn, and Count VI is dismissed in its entirety. The Court further dismisses Count V in its entirety. Finally, the Court dismisses Count VII against Steve Cohn to the extent it seeks to impose alter ego liability on him for the Company's actions taken after April 14, 2017.

Dated this 5th day of August, 2020.

Honorable John J. Tuchi
United States District Judge